IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TAIZHOU UNITED IMP. & EXP. CO. LTD.,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>    and<br><br>ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE,<br><br>        Defendant-Intervenor. | Court No. 16-00009<br><br>Before: Hon. Donald C. Pogue, Senior Judge |

## ORDER

Upon consideration of Plaintiff's Motion to Stay Proceedings, Defendant-Intervenor's opposition thereto, and all other pertinent papers, it is hereby

**ORDERED** that Plaintiff's motion is **DENIED**.

                                                                                     Judge Donald C. Pogue

Dated: _____
       New York, New York

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TAIZHOU UNITED IMP. & EXP. CO. LTD.,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>  and<br><br>ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE,<br><br>    Defendant-Intervenor. | Court No. 16-00009<br><br>Before: Hon. Donald C. Pogue, Senior Judge |

## DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Pursuant to Rule 7 of the Rules of the U.S. Court of International Trade (the "Court" or "CIT"), Defendant-Intervenor the Aluminum Extrusions Fair Trade Committee (the "Committee") respectfully submits this response in opposition to the motion filed by Plaintiff Taizhou United Imp. & Exp. Co. Ltd. ("Plaintiff") to stay further action in this case pending the outcome and final resolution of all proceedings in *Shenyang Yuanda Aluminum Industry Engineering Co., Ltd. v. United States*, Consol. Ct. No. 14-00106 ("*Yuanda*"), which is currently on remand following this Court's opinion and order of February 9, 2016. As discussed further below, Plaintiff has failed to satisfy the requirements for its motion for a stay to be granted, and therefore the motion should be denied.

### I. LEGAL STANDARD

A trial court has the discretion to stay its own proceedings, given its inherent power to control its own docket and calendar. *Landis v. N. Am. Co.*, 299 U.S. 248 (1936); *Tak Fat*

*Trading Co. v. United States*, 24 CIT 1376 (2000) (citations omitted). In exercising this discretion, the court "must weigh competing interests and maintain an even balance," taking into account the interests of the plaintiffs, defendants, non-parties or the public, and even itself. *Neenah Foundry Co. v. United States*, 24 CIT 202, 203 (2000) (citation omitted).

In particular, the party requesting the stay "bears the burden of showing that the circumstances justify an exercise of th{e court's} discretion." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted). A stay "will not ordinarily be granted upon the mere representation that no damage or prejudice will result from its issuance, but upon a clear showing by the moving party that a hardship or inequity will result if the case proceeds." *Jinxiang Dong Yun Freezing Storage Co., Ltd. v. United States*, 32 CIT 1140, 1141 (2008), *citing Landis*, 299 U.S. at 255. Absent a "strong showing" that a stay is vital or appropriate, a motion to stay must fail. *See Georgetown Steel Co., LLC v. United States*, 27 CIT 550, 553, 259 F. Supp. 2d 1344, 1347 (2003).

Further, a court may stay proceedings pending the outcome of a proceeding in another forum addressing a similar matter. *Landis*, 299 U.S. at 250-251, 254. Where the effect of the related litigation is uncertain, however, a stay may not be justified. *See Georgetown Steel*, 27 CIT at 555, 259 F. Supp. 2d at 1348 (denying a motion by the International Trade Commission to stay proceedings pending related proceedings in the Federal Circuit where it was uncertain what effect, if any, the outcome of that case would have on the proceeding). Where a motion to stay pending resolution of another case is based upon speculation as to the effect of another action, the motion should be denied. *See Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 921-22 (W.D. Wis. 2010).

## II.    ARGUMENT

Plaintiff argues that the outcome of the *Yuanda* litigation "will impact this Court's analysis in the above-captioned appeal." Motion to Stay Proceedings, CIT Ct. No. 16-00009, (May 20, 2016), ECF No. 34 ("Pl.'s Mot.") at 10. However, Plaintiff fails to make a strong showing that such a stay would be appropriate in this case. Indeed, it is likely that the outcome of the *Yuanda* litigation will have <u>no</u> effect on the Court's analysis in the instant appeal. Plaintiff has failed to acknowledge that the issue on appeal in the *Yuanda* proceeding and the issues currently before this Court in the instant proceeding spring from and turn on different administrative records and facts. In this case, a stay would only delay timely resolution of the separate issues raised in this appeal and would be unlikely to conserve the resources of the parties or the Court, as asserted by Plaintiff. *See id.* Thus, Plaintiff has failed to demonstrate that the circumstances warrant a stay of the instant proceedings, and its motion must therefore fail.

### A.    **Plaintiff Has Not Demonstrated That Resolution of the *Yuanda* Proceeding Will Have Any Effect on This Case**

Plaintiff submits that "the outcome of the *Yuanda* litigation at the Federal Circuit could be 'potentially dispositive'" of the instant appeal. *Id.* at 8. This assertion, however, is overstated and based largely on mere speculation. Scope ruling requests are specific to the importer that makes the request. *See* Final Results of Redetermination Pursuant to Ct. Remand, *Yuanda*, CIT Consol. Ct. No. 14-00106 (May 13, 2016), ECF No. 110 ("*Yuanda* Remand Results") at 82-85; *see also, e.g.,* Issues and Decision Memorandum accompanying *Aluminum Extrusions from the People's Republic of China*, 79 Fed. Reg. 78,784 (Dep't Commerce Dec. 31, 2014) (final results of antidumping duty administrative review; 2012-2013) at 31 ("{T}he Department's scope rulings apply only to specific merchandise from a specific importer or exporter . . .."). Guangzhou Jangho Curtain Wall System Engineering Co., Ltd. and Jangho Curtain Wall Hong

Kong Ltd. (collectively "Jangho"), the curtain wall producers on whose countervailing duty rate Plaintiff's contested rate was based, did not request the scope ruling at issue in the *Yuanda* litigation. *See* Pl.'s Mot. at 2-3. Nor did Jangho request a scope ruling in the underlying administrative review. *See* Issues and Decision Memorandum accompanying *Aluminum Extrusions from the People's Republic of China*, 80 Fed. Reg. 77,325 (Dep't Commerce Dec. 14, 2015) (final results and partial rescission of countervailing duty administrative review; 2013), P.R. Doc. No. 416 ("I&D Memo") at 76. In fact, Jangho has never requested a scope ruling for its curtain walls, curtain wall units, or alleged window walls. *See id.* As a result, none of the products that are subject to the instant case will be affected by the outcome of the *Yuanda* litigation.

Contrary to Plaintiff's assertions that the *Yuanda* litigation results "would be dispositive" of Plaintiff's claims in the instant appeal, the issue in the *Yuanda* litigation is whether Yuanda's curtain walls, which are imported in phases pursuant to a contract are covered by the scope of the order. While Jangho is a curtain wall producer, and its countervailing duty rate was calculated based on its curtain wall products, the outcome of the *Yuanda* litigation will be specific to the importer that made the underlying scope clarification request, Shenyang Yuanda. *See Yuanda* Remand Results at 82-85. And even though Jangho may have submitted comments that are on the expansive record of the *Yuanda* proceeding, nothing in the Department's regulations or practice suggest that Jangho's products would be subject to the Department's scope ruling on Yuanda's curtain wall units. Indeed, the Department made the scope ruling determination at the heart of the *Yuanda* litigation by analyzing information specific to and produced by Shenyang Yuanda, including the company's specific product description, contemporary business documents provided by Shenyang Yuanda, and the method of importation used for Shenyang

Yuanda's curtain walls. The resolution of the *Yuanda* litigation determines whether <u>Shenyang Yuanda's</u> curtain walls are covered by the scope of the Orders, not whether Jangho's products remain subject merchandise. The *Yuanda* litigation thus has no effect on Jangho's curtain walls or the countervailing duty rate calculated for Jangho and, by extension, Plaintiff, which are the subject of the instant proceeding. Thus, regardless of the outcome of the *Yuanda* litigation, the proceedings before this Court would likely continue unchanged.

The Court may appropriately deny a motion to stay the proceedings where the outcome of a case could have no real effect on the case at issue. *See Tak Fat Trading*, 24 CIT at 1379. In *Tak Fat*, the plaintiffs sought to stay the scope determination pending the outcome of a separate action challenging Customs and Border Protection's tariff classification of the subject merchandise. However, the Court denied plaintiffs' motion to stay because it found it well settled that tariff classifications do not govern an antidumping determination regarding class or kind and, further, that it is Commerce's responsibility to interpret the scope in a manner that complies with the antidumping laws. *Id.* at 1379-80. Here, Jangho, on whose countervailing duty rate Plaintiff's contested rate is based, did not request the scope ruling at issue in the *Yuanda* litigation, nor was the request drafted to include Jangho's merchandise. *See, e.g.*, *Yuanda* Remand Results at 83-84. Indeed, as the Department has flatly stated, "the Yuanda Scope Ruling applies only to Yuanda's merchandise." *Id.* at 82. As such, the outcome of the ongoing *Yuanda* litigation will have no impact on the instant proceeding or, for that matter, its parallel, as filed by Jangho, itself. *See Guangzhou Jangho Curtain Wall System Eng'g Co., Ltd. v. United States*, CIT Ct. No. 16-00012 (filed Jan. 12, 2016) (hereinafter *Jangho*).

Moreover, the issue of whether Jangho's curtain wall products are covered by the scope of the Orders is but one of the issues raised in this case by Plaintiff. Plaintiff has also contested

the Department's decision to countervail benefits to Jangho in connection with glass obtained for less than adequate remuneration, as well as the Department's application of glass-related subsidy rates in its calculation of Plaintiff's rate. *See* Compl., *Jangho*, CIT Ct. No. 16-00012 (Feb. 11, 2016), ECF No. 20 at 5-6. These are wholly unrelated to the issues on appeal in the *Yuanda* litigation. While Plaintiff claims, without support, that the *Yuanda* litigation "could directly impact" this case, Pl.'s Mot. at 8, this Court will still have to make a determination as to Plaintiff's other claims. Plaintiff misses the point that the pending results of the *Yuanda* litigation will have no effect on the other issues raised in its Complaint. A stay, therefore, would serve only to delay unnecessarily resolution of this distinct issue.

In light of Plaintiff's speculation as to and overstatement of the likely impact of the outcome of the *Yuanda* litigation, a stay cannot be justified in the instant case. *See Georgetown Steel*, 27 CIT at 550, 259 F. Supp. 2d at 1344 (denying a motion to stay pending resolution of related proceedings in the Federal Circuit where it was uncertain what effect, if any, the outcome of that case would have on the proceeding). Plaintiff's motion to stay must fail.

### B.   The Instant Proceeding's Administrative Record is Distinct from that of the *Yuanda* Litigation

Judicial review of a determination is limited to the "information *before the relevant decision-maker at the time the decision was rendered* including any information that has been compiled as part of the formal record." *Beker Industries Corp. v. United States*, 7 CIT 313, 315 (1984) (citation omitted, emphasis in original). Thus, the information that comprises the formal record "is the only information upon which the factual findings and legal conclusions underlying the challenged determination could have been based." *Id.* at 316. Plaintiff ignores this long-established tenet of trade jurisprudence when it asserts that "the outcome of the *Yuanda* litigation . . . could be 'potentially dispositive'" of Plaintiff's case. Pl.'s Mot. at 8.

While Plaintiff and Jangho have claimed that Jangho's curtain wall products are the same as those at issue in the ongoing *Yuanda* litigation, both proceedings have distinct administrative factual records. More specifically, the Department determination at issue in the instant appeal was made and issued based on the specific factual record developed in the third administrative review of the countervailing duty order on aluminum extrusions from China. *See generally* I&D Memo. In that proceeding, Jangho, despite acknowledging that the Department has previously found that curtain wall units are subject to the Orders, repeatedly stated its belief that its products were not properly included as subject merchandise. *See id.* at 74-76. However, Jangho provided no evidence in support of its claims. Indeed, Department found that Jangho neither "provided evidence {n}or clearly articulated the rationale under which it alleges its products are outside the scope of the Orders." *Id.* at 76. On the other hand, the issue that is now before the CIT in *Yuanda*, while concerning curtain wall units produced pursuant to a contract, arose out of the factual record in a scope proceeding that was specific to merchandise that was produced by Shenyang Yuanda, not Jangho, and evidence that was specific to Shenyang Yuanda, not Jangho. *See, e.g., Yuanda* Remand Results at 82-85. These separate appeals therefore involve separate and distinct records, and, in each case, the parties and the Court are limited to consideration of only the factual record developed in the specific underlying proceeding. *See Beker Industries*, 7 CIT 313 at 315. In other words, any court decision premised on the record in the appeal of Shenyang Yuanda's scope litigation will not be binding on this Court's judicial review of Jangho's challenges to certain aspects of the Department's results in the *third administrative review*, in which Jangho failed to supply evidence or argument in support of its assertions that its curtain wall products were not properly considered subject merchandise and during which Jangho did not file a scope ruling request specific to its own products.

As noted above, the Department analyzed Shenyang Yuanda's curtain wall units in the scope proceeding that gave rise to the litigation in *Yuanda*. Indeed, the Department analyzed only Shenyang Yuanda's curtain walls, and that analysis encompassed only Shenyang Yuanda's products' physical characteristics, and import documents, contracts, and other business documentation specific to Shenyang Yuanda and its products. "As such, the {*Yuanda* litigation's} underlying record is clear and unambiguous that the products requested, initiated, and ruled upon were specific to {Shenyang} Yuanda...." *Yuanda* Remand Results at 83. Unlike Shenyang Yuanda, Jangho has never requested a scope ruling specific to any of its products. As a result, the Department has neither had before it nor considered whether Jangho's curtains wall products are covered by the scope of the Orders. Plaintiff's request that the Court delay indefinitely the resolution of the issues before this Court based on an appeal that is premised on a completely separate administrative record concerning the scope coverage of products not manufactured by Jangho, on whose countervailing rate Plaintiff's contested rate is based, cannot be justified and thus must fail.

### C.   A Stay Will Not Preserve the Resources of the Court or the Parties

Plaintiff's asserts that "the time and resources of the parties and this Court could be wasted if a stay is not granted," Pl.'s Mot. at 10, but this is simply untrue. As discussed above, the issues raised in the instant appeal spring from different facts and a separate administrative record from those on which the *Yuanda* litigation turn. It is thus appropriate that they will be separately briefed in the instant appeal. As the Committee has noted, the impact on this case of the *Yuanda* litigation will likely be minimal. Indeed, it is unclear whether the *Yuanda* litigation outcome will affect the instant proceeding at all, given that the *Yuanda* litigation outcome is applicable to and thus will impact the original scope requestor, Shenyang Yuanda, and the requestor <u>alone</u>. *See, e.g., Yuanda* Remand Results at 82-85. Further, as Plaintiff has noted, there

8

are other, review-specific issues on which this appeal was brought, including the Department's having countervailed certain benefits received by mandatory respondent Jangho and the inclusion of the corresponding subsidy rates in the net subsidy rate ultimately calculated for Plaintiff and other non-selected separate rate applicants in the underlying administrative review. *See* Pl.'s Mot. at 7; Am. Compl., CIT Ct. No. 16-00009 (Apr. 7, 2016), ECF No. 32 at 5-6. These issues are specific to the underlying administrative review, would remain regardless of the outcome of the *Yuanda* litigation, and must be addressed by both the Court and the parties in the instant appeal. Granting a stay would merely delay indefinitely the timely briefing and resolution of these issues, not conserve the Court's or parties' resources in dealing with them. Plaintiff's arguments in favor of a stay based on efficiency, "minimiz{ing} the burden on the parties and the Court," and "economy" are unavailing. Pl.'s Mot.at 9-10. Accordingly, Plaintiff's motion must fail.

### III.  CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny Plaintiff's motion to stay proceedings in this case.

Respectfully submitted,

Alan H. Price, Esq.
Robert E. DeFrancesco, III, Esq.

**WILEY REIN LLP**
1776 K Street, NW
Washington, DC 20006
(202) 719-7000

*Counsel to the Aluminum Extrusions Fair Trade Committee*

June 8, 2016