UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE DONALD C. POGUE, SENIOR JUDGE

| | |
|---|---|
| TAIZHOU UNITED IMP. & EXP. CO. LTD.,<br><br>               Plaintiff,<br><br>   v.<br><br>UNITED STATES,<br><br>               Defendant,<br><br>          and<br><br>ALUMINUM EXTRUSIONS<br>FAIR TRADE COMMITTEE,<br><br>               Defendant-Intervenor. | Court No. 16-00009 |
| GUANGZHOU JANGHO CURTAIN WALL SYSTEM ENGINEERING CO., LTD., JANGHO GROUP CO., LTD., BEIJING JIANGHEYUAN HOLDING CO., LTD., BEIJING JANGHO CURTAIN WALL SYSTEM ENGINEERING CO., LTD., JANGHO CURAIN WALL HONG KONG LTD., AND SHANGHAI JANGHO CURTAIN WALL SYSTEM ENGINEERING CO., LTD.,<br><br>             Plaintiffs,<br><br>   v.<br><br>UNITED STATES,<br><br>               Defendant,<br><br>          and<br><br>ALUMINUM EXTRUSIONS<br>FAIR TRADE COMMITTEE,<br><br>               Defendant-Intervenor. | Court No. 16-00012 |

- 2 -

## ORDER

Upon consideration of plaintiffs' motions to stay, defendant's consolidated opposition, and all other pertinent papers, it is hereby

ORDERED that the motions to stay are denied.

_____
SENIOR JUDGE

Date:   June \_\_\_, 2016
        New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE DONALD C. POGUE, SENIOR JUDGE

| | |
|---|---|
| TAIZHOU UNITED IMP. & EXP. CO. LTD., | |
| Plaintiff, | |
| v. | Court No. 16-00009 |
| UNITED STATES, | |
| Defendant, | |
| and | |
| ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, | |
| Defendant-Intervenor. | |
| GUANGZHOU JANGHO CURTAIN WALL SYSTEM ENGINEERING CO., LTD., JANGHO GROUP CO., LTD., BEIJING JIANGHEYUAN HOLDING CO., LTD., BEIJING JANGHO CURTAIN WALL SYSTEM ENGINEERING CO., LTD., JANGHO CURAIN WALL HONG KONG LTD., AND SHANGHAI JANGHO CURTAIN WALL SYSTEM ENGINEERING CO., LTD., | |
| Plaintiffs, | |
| v. | Court No. 16-00012 |
| UNITED STATES, | |
| Defendant, | |
| and | |
| ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, | |
| Defendant-Intervenor. | |

DEFENDANT'S CONSOLIDATED RESPONSE
IN OPPOSITION TO PLAINTIFFS' STAY MOTIONS

Pursuant to Rule 7(b) of the Court's Rules, defendant, the United States, respectfully submits this consolidated response in opposition to the substantially identical motions to stay that were filed by (1) Taizhou United in case No. 16-00009, and (2) Jangho[1] in case No. 16-00012. As declared in the parties' joint status reports, Taizhou United, Jangho, and the United States agree that case Nos. 16-00009 and 16-00012 should be consolidated regardless of the Court's resolution of the pending stay motions. However, the parties disagree on whether case Nos. 16-00009 and 16-00012 should be stayed pending the resolution of a third case, *Shenyang Yuanda Aluminum Industry Engineering Co., Ltd. v. United States*, Consol. No. 14-00106 (*Yuanda*). We oppose the stay motions because *Yuanda* will not resolve any of the claims asserted by Taizhou United and Jangho in case Nos. 16-00009 and 16-00012.

STANDARD OF REVIEW

The Court's decision whether to issue a stay is an exercise of discretion, and "a court must weigh competing interests and maintain an even balance taking into account those of the plaintiff, the defendant, non-parties or the public, and even itself." *Georgetown Steel Co. v. United States*, 259 F. Supp. 2d 1344, 1346 (Ct. Int'l Trade 2003). In determining whether to issue a stay, the Court's "'paramount obligation' is to exercise jurisdiction timely in the case properly before it." *Gerald Metals, Inc. v. United States*, 27 F. Supp. 2d 1351, 1354 n 6 (Ct. Int'l Trade 1998) (quoting *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)). The party seeking the stay bears the burden of "mak{ing} out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the

---

[1] Jangho collectively refers to Guangzhou Jangho Curtain Wall System Engineering Co., Ltd., Jangho Group Co., Beijing Jianghenyuan Holding Co., Ltd., Beijing Jangho Curtain Wall System Engineering Co., Ltd., and Shanghai Jangho Curtain Wall System Engineering Co.

stay for which he prays will work damage to someone else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).  Thus, "a movant must make a strong showing that a stay is necessary and that the disadvantageous effect on others would be clearly outweighed." *Georgetown Steel*, 259 F. Supp. 2d at 1346-47.  Taizhou United and Jangho have not carried their heavy burden.

## ARGUMENT

In their respective complaints, Taizhou United and Jangho challenge various aspects of Commerce's calculation of a net subsidy rate for Jangho in the final results of the third administrative review of the countervailing duty order covering aluminum extrusions from the People's Republic of China (China) during the calendar year 2013.  *Aluminum Extrusions from the People's Republic of China*, 80 Fed. Reg. 77,325 (Dep't of Commerce Dec. 14, 2015) (final results 2013 admin. review) (Final Results), and accompanying Issues and Decision Memorandum (I&D Memo), *amended by Aluminum Extrusions from the People's Republic of China*, 81 Fed. Reg. 15,238 (Dep't of Commerce March 22, 2016) (Amended Final Results).  In contrast, *Yuanda* involves a different administrative determination – a scope ruling regarding the merchandise of Yuanda, a different company, based upon specific evidence of Yuanda's contract terms and export practices.  *Yuanda*, No. 14-106, Scope Ruling, Sept. 5, 2014, ECF No. 34 (Dep't of Commerce March 27, 2014); *see also Yuanda*, No. 14-106, Second Final Results of Redetermination Pursuant to Court Remand at 83-84, March 12, 2015, ECF No. 110-1 (Dep't of Commerce March 12, 2015).  Neither Taizhou United nor Jangho dispute that *Yuanda* involves a different administrative determination, a different exporter, and the product of a different company that is imported pursuant to a contract to which Jangho is not a party.

Nevertheless, the central premise of the stay motions is the contention by Taizhou United and Jangho that "the merchandise in both cases is the same."  *See* Taizhou United's Motion to

Stay at 8; Jangho's Motion to Stay at 7.  During the third administrative review at issue in this case, Jangho did not provide the evidence necessary for Commerce to determine whether Jangho's merchandise is excluded from the scope of the countervailing duty order:

> {Jangho has} not provided evidence or clearly articulated the rationale under which it alleges its products are outside the scope of the Orders.  Further, because {Jangho has} not requested a scope ruling nor provided the requisite evidence concerning its products, the Department has no basis to determine that its merchandise is excluded from the scope of the Orders.  Accordingly, if {Jangho} believe{s} that its merchandise is not covered by the scope of the Order, there is a mechanism available pursuant to 19 CFR 351.225 for {Jangho} to request the Department to issue a scope ruling.  For purposes of this administrative review, however, no evidence on the record supports {Jangho's} argument that its merchandise is outside the scope of the order on aluminum extrusions from {China}.

I&D Memo 76.[2]  Furthermore, Jangho provided no evidence to support its current position that its merchandise under review in this case is "the same" as Yuanda's merchandise that is the subject of the Yuanda scope ruling at issue in *Yuanda*.

As one would expect, in the Yuanda scope ruling at issue in *Yuanda*, Commerce did not consider, address, or make any findings with respect to Jangho's merchandise:

> {T}he underlying record is clear and unambiguous that the products requested, initiated, and ruled upon were specific to Yuanda, in accordance with the Department's standard practice when receiving a {scope} request on a particular product from a producer / exporter / importer. . . . {T}he Department continues to conduct its analysis solely on Yuanda's merchandise.  We have analyzed Yuanda's 'long-term contract' and import information, and not that of other importers.  Had Jangho and Permasteelisa filed similar scope requests, pursuant to 19 CFR 351.225(c), the Department could have analyzed those companies' contracts and project-specific import information as well.  Jangho and

---

[2] In the Final Results, Commerce explained that Jangho's merchandise, which satisfies the scope language covering "parts for curtain walls," has been treated as subject merchandise and suspended from liquidation since the preliminary determination of the countervailing duty investigation.  I&D Memo 74-76.  Commerce further explained that prior scope rulings, including the *Yuanda* scope ruling, provided additional support for this treatment.  *Id.*

> Permasteelisa did not make such requests, did not provide the necessary information to make such a scope determination, and at no time did the Department state that its scope ruling in this case applied equally to Jangho and Permasteelisa.

*Yuanda*, No. 14-106, Second Final Results of Redetermination Pursuant to Court Remand at 83-84, March 12, 2015, ECF No. 110-1 (Dep't of Commerce March 12, 2015).

Disregarding what Commerce actually said and did, Taizhou United and Jangho incorrectly assert that Commerce "determined that Jangho's imports were {not} excluded from the Orders under the 'finished goods kit' exclusion, which is the very subject of the *Yuanda* scope determination and litigation." *See* Taizhou United's Motion to Stay at 5; Jangho's Motion to Stay at 5. Of course, whether any Jangho imports may be excluded from the scope of the orders pursuant to the "finished goods kit" exclusion is not the subject of the Yuanda scope ruling or litigation. The record in *Yuanda* contains no evidence to support any determination as to any Jangho merchandise. And, as demonstrated above, Commerce found in regards to both the Yuanda scope ruling and the third administrative review that the agency did not have sufficient record evidence upon which to make a determination as to whether Jangho merchandise could be excluded pursuant to the "finished goods kit" exclusion.

In short, Commerce has not made a determination that Yuanda and Jangho export the same merchandise. The stay motions filed by Taizhou United and Jangho improperly ask the Court to engage in fact finding, in the first instance, regarding the alleged similarity of Yuanda and Jangho's merchandise, despite the absence of record evidence and the absence of an administrative finding.

Taizhou United and Jangho further concede that "all the facts of the instant action are not the same as that in the *Yuanda* litigation as the present case also concerns various specific

countervailing duty issues." Taizhou United's Motion to Stay at 8; Jangho's Motion to Stay at 7. This concession apparently refers to count two of Taizhou United's amended complaint,[3] and counts two through eleven of Jangho's complaint,[4] which raise various countervailing duty issues and have nothing to do with *Yuanda*. But, Taizhou United and Jangho argue that *Yuanda* is "potentially dispositive" of count one of Taizhou United's amended complaint and count one of Jangho's complaint, which challenge Commerce's decision to treat Jangho's products as subject merchandise. Taizhou United's Motion to Stay at 8; Jangho's Motion to Stay at 7. This argument depends upon the unsupported allegation that Yuanda's merchandise is the same as Jangho's merchandise. *Id.* Moreover, *Yuanda* will not resolve this question. *See Yuanda*, No. 14-106, Second Final Results of Redetermination Pursuant to Court Remand at 83-84, March 12, 2015, ECF No. 110-1. Accordingly, it is pure supposition on the part of Taizhou United and

---

[3] Taizhou United filed a two-count amended complaint in case No. 16-00009. Am. Compl., April 7, 2016, ECF No. 32. Taizhou United alleges that it is an exporter of merchandise subject to the third administrative review, that it was one of 38 companies for which reviews were requested but were not selected as mandatory respondents, and that the net subsidy rate for the non-selected companies was calculated by Commerce based in part upon Jangho's rate. In count one, Taizhou United challenges Commerce's decision to treat Jangho's products as subject merchandise, which, in turn, affected the net subsidy rate for the non-selected companies. In count two, Taizhou United challenges Commerce's decision to countervail benefits to Jangho arising from the provision of glass to Jangho for less than adequate remuneration, which, in turn, affected the net subsidy rate for the non-selected companies.

[4] Jangho filed an 11-count complaint in case No. 16-00012. Compl., Feb. 11, 2016, ECF No. 20. Jangho alleges that it was a manufacturer and exporter of merchandise subject to the third administrative review. In count one, Jangho challenges Commerce's decision to treat Jangho's products as subject merchandise (mirroring count one in Taizhou United's amended complaint). In count two, Jangho challenges Commerce's finding that it could assess countervailing duties on Jangho's imports prior to May 10, 2013. In counts three through eight, Jangho challenges Commerce's decision to countervail benefits to Jangho arising from various subsidies that Jangho received, such as preferential loans, preferential tax benefits and offsets, and subsidies for glass and aluminum extrusions. In counts nine through eleven, Jangho challenge various issues associated with the calculation of its net subsidy rate, such as Commerce's use of benchmarks, treatment of freight expenses, and other calculation issues.

- 7 -

Jangho that *Yuanda* will have any dispositive effect upon these cases, which pertain to a different administrative determination and a different company's merchandise.

For these reasons, we respectfully request that the Court deny the stay motions.

        Respectfully submitted,

        BENJAMIN C. MIZER
        Principal Deputy Assistant Attorney General

        JEANNE E. DAVIDSON
        Director

        s/ Reginald T. Blades, Jr.
        REGINALD T. BLADES, JR.
        Assistant Director

        s/ Douglas G. Edelschick
        DOUGLAS G. EDELSCHICK
        Trial Attorney
Of Counsel:        Commercial Litigation Branch
        Civil Division
JESSICA M. LINK        United States Department of Justice
Attorney        P.O. Box 480
Office of the Chief Counsel        Ben Franklin Station
   for Trade Enforcement and Compliance        Washington, D.C. 20044
United States Department of Commerce        Tel: (202) 353-9303

June 8, 2016        *Attorneys for Defendant United States*