IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| TAIZHOU UNITED IMP. & EXP. CO. LTD., <br><br> Plaintiff, <br><br> and <br><br> GUANGZHOU JANGHO CURTAIN WALL SYSTEM ENGINEERING CO., LTD., *et al.*, <br><br> Consolidated Plaintiffs, <br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> THE ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, <br><br> Defendant-Intervenor. | Consol. Court No. 16-00009 |

DEFENDANT'S RESPONSE IN OPPOSITION TO THE
POST-JUDGMENT MOTION OF CONSOLIDATED PLAINTIFFS

Defendant, the United States, respectfully submits this response in opposition to the post-judgment motion filed by consolidated plaintiffs, Guangzhou Jangho Curtain Wall System Engineering Co., Ltd., Jangho Group Co., Ltd., Beijing Jiangheyuan Holding Co., Ltd., Beijing Jangho Curtain Wall System Engineering Co., Ltd., Jangho Curtain Wall Hong Kong Ltd. and Shanghai Jangho Curtain Wall System Engineering Co., Ltd. (collectively, Jangho). Jangho Mot. for Relief from Judgment and for Reh'g, March 7, 2022, ECF No. 122 (Jangho Mot.). As demonstrated below, the Court should deny Jangho's motion.

Jangho alleges there is a "mistake" or "flaw" in the Court's final judgment in this case. According to Jangho, the Court overlooked "alternative arguments" that were raised in Jangho's 2019 merits brief and were not reached by the Court in its 2020 opinion.  Jangho Mot. 3-5; *see also* Opinion, Sept. 25, 2020, ECF No. 100; Jangho Mot. for J. upon Agency Record, Dec. 4, 2019, ECF No. 82.  Nevertheless, Jangho admits that it did not pursue these "alternative arguments" during the ensuing remand, Jangho admits that Commerce did not address them on remand, and Jangho does not (and cannot) argue that it raised them in its post-remand brief filed in this Court in February 2021.  *See id.* at 3; *see also* Jangho's Comments on Remand Results, Feb. 19, 2021, ECF No. 109; Remand Results, Dec. 17, 2020, ECF No. 103.  By the time that the Court entered judgment in 2022, Jangho's alternative arguments were long gone.

"[A]ll claims, arguments, and objections that [a Plaintiff has] elected not to address in its post-remand briefs must be deemed waived."  *KYD, Inc. v. United States*, 836 F. Supp. 2d 1410, 1414 (Ct. Int'l Trade 2012) (quoting *Bond Street, Ltd. v. United States*, 774 F. Supp. 2d 1251, 1261 n.4 (Ct. Int'l Trade 2011)).  Indeed, it is well-settled that all litigants have the responsibility to raise issues at the appropriate time on pain of waiver.  *See*, *e.g.*, *Dorbest Ltd. v. United States*, 604 F.3d 1363, 1375-77 (Fed. Cir. 2010) (affirming this Court's holding that arguments raised for the first time on remand had been waived); *Mittal Steel Point Lisas Ltd. v. United States*, 548 F.3d 1375, 1383-84 (Fed. Cir. 2008) ("Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred *against objection made at the time appropriate under its practice*." (emphasis in original, citation omitted)); *SmithKline Beecham v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("arguments not raised in the opening brief are waived").

Jangho's post-remand brief made no mention of any alternative arguments about whether Commerce reasonably found that the statutory requirements of section 1677(5) were met with respect to Jangho's aluminum extrusion and glass purchases.  *See* Jangho's Comments on Remand Results, Feb. 19, 2021, ECF No. 109.  Therefore, Jangho's alternative arguments "must be deemed waived."  *See KYD*, 836 F. Supp. 2d at 1414; *Bond Street*, 774 F. Supp. 2d at 1261 n.4.  Given that Jangho's alternative arguments were last raised in 2019 and long since had been abandoned, the Court did not err when entering a final judgment without addressing them.[1]

For these reasons, we respectfully request that the Court deny Jangho's post-judgment motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. MCCARTHY<br>Director |
|  | s/ Reginald T. Blades, Jr.<br>REGINALD T. BLADES, JR.<br>Assistant Director |
|  | s/ Douglas G. Edelschick<br>DOUGLAS G. EDELSCHICK<br>Senior Trial Counsel |
| Of Counsel: | Commercial Litigation Branch<br>Civil Division |
| KIRRIN HOUGH<br>Attorney<br>Office of the Chief Counsel<br>  for Trade Enforcement and Compliance<br>United States Department of Commerce | United States Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 353-9303 |
| March 9, 2022 | Attorneys for Defendant United States |

---

[1] In any event, Jangho's alternative arguments are without merit.  *See* Def. Resp. to Pls.' Mot. for J. upon the Agency Record, March 6, 2020, ECF No. 88.