IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| TAIZHOU UNITED IMP. & EXP. CO. LTD., )<br>)<br>Plaintiff, )<br>and )<br>)<br>GUANGZHOU JANGHO CURTAIN WALL )<br>SYSTEM ENGINEERING CO., LTD., *et al.,* )<br>)<br>Consolidated Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant, )<br>and )<br>)<br>THE ALUMINUM EXTRUSIONS )<br>FAIR TRADE COMMITTEE, )<br>)<br>Defendant-Intervenor. )<br>) | Consol. Court No. 16-00009 |

PLAINTIFF-INTERVENORS'REPLY TO DEFENDANT'S OPPOSITION TO
MOTION FOR RELIEF FROM JUDGMENT AND FOR REHEARING

Plaintiff-Intervenors Guangzhou Jangho Curtain Wall System Engineering Co., Ltd., Jangho Group Co., Ltd., Beijing Jiangheyuan Holding Co., Ltd., Beijing Jangho Curtain Wall System Engineering Co., Ltd., Jangho Curtain Wall Hong Kong Ltd. and Shanghai Jangho Curtain Wall System Engineering Co., Ltd. (collectively "Jangho") hereby reply to Defendant's opposition to Jangho's motion for rehearing.[1]

---

[1] Defendant-Intervenor AEFTC filed a reply incorporating by reference the arguments set forth in Defendant's response without adding any additional discussion.

1

DISCUSSION

In its response to Jangho's motion for rehearing, defendant acknowledges that the Court entered final judgment as to all of Jangho's claims in this action without addressing all the claims raised by Jangho concerning whether DOC's final results of administrative review met the statutory requirements of 19 U.S.C. §1677(5). Defendant's Opposition at 2. The unresolved claims include whether glass suppliers are 'government entities,' whether a benefit was provided; and whether the alleged benefit was specific in nature, as required by the CVD statute. Defendant alleges Jangho's alternative claims were waived because Jangho did not raise them again in the course of remand proceedings in which the Court had directed DOC only to reconsider and further explain its determination to countervail glass subsidies as "inputs" for the subject merchandise, *i.e.,* aluminum extrusions.  According to the Defendant, Jangho's alternative claims were not re-raised at the appropriate time even though the Court had expressly withheld action on the alternative claims when it remanded the input issue to DOC and the Court did not direct DOC to reconsider the alternative claims during the remand proceedings.  *Id.*

The short answer to Defendant's argument is that, as the Court found in Taizhou United Imp. & Exp. Co. v. United States, 44 CIT ___, 475 F. Supp. 3d 1305 (2020) ("*Taizhou I*"), it was not appropriate to address Jangho's alternative claims until the input issue was finally decided. That final decision on the input issue did not come until the Court issued its decision in Taizhou United Imp. & Exp. Co. v. United States, 2022 Ct. Intl. Trade LEXIS 14 *; SLIP OP. 2022-14; __ F.Supp.3d __ ("*Taizhou II*"). Therefore, the appropriate time to address Jangho's alternative arguments was *after* the court issued its final decision on the input issue, not *before*.  Pursuing Jangho's alternative arguments before the Court issued a final decision on the input issue could

2

have resulted in a pointless and costly expansion of the remand proceedings merely to reiterate the arguments already presented to the Court. All of this additional effort would have been rendered moot if the Court did not affirm DOC's remand determination on the input issue.

It is, in fact, surprising that the Government would argue that a Court order remanding one issue for agency reconsideration would reopen the proceeding to allow private parties to raise issues outside the scope of the remand order. Such an approach would impose enormous costs and uncertainty on the course of agency proceedings.

Defendant also erroneously asserts that Jangho's alternative arguments are without merit. Defendant's Opposition at 3, n.1.  In fact, after the initial briefing on this case was concluded, the Court of International Trade has ruled that the provision of goods at less than adequate remuneration ("LTAR") is not countervailable unless the record contains substantial evidence showing that there is a government program that confers a benefit on a specific industry. Yama Ribbons & Bows Co. v. United States, 517 F. Supp. 3d 1325, 1338-40 (Ct. Int'l Trade 2021). Therefore, the Court approval of DOC's remand determination on the input issue did not resolve all of the meritorious claims raised in this action.

## CONCLUSION

For the foregoing reasons and for those explained in its initial motion, Jangho respectfully requests that the Court grant Jangho's motion for relief from judgment and for rehearing and issue its decision concerning whether the administrative record in this action supports Commerce's finding that Chinese suppliers are 'government entities,' that a benefit was

provided, and that the alleged benefit was specific in nature, as required by 19 U.S.C. §1677(5).

                                                Respectfully submitted,

                                                /s/ J. Kevin Horgan
                                                J. Kevin Horgan
                                                Alexandra H. Salzman
                                                deKieffer & Horgan
                                                1090 Vermont Avenue, N.W.
                                                Suite 410
                                                Washington, D.C. 20005
                                                (202) 783-6900
                                                khorgan@dhlaw.com

April 26, 2022